441 F.2d 1134
 UNITED STATES of America, Plaintiff-Appellee,
v.
David JOHNSON, Jr., Defendant-Appellant.
No. 29846 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, ,Fifth Circuit.
 April 28, 1971.
 
 David Johnson, Jr., pro se; Wm. V. Counts, Dallas Tex., Court-appointed, for defendant-appellant.
 Eldon B. Mahon, U.S. Atty., Charles D. Cabaniss, Asst. U.S Atty., Dallas, Tex., Harry H. Ellis, Senior Atty., Office of the Regional Counsel, Internal Revenue Service, for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Appellant David Johnson, Jr. appeals from his conviction under the National Firearms Act of 1968, of having knowingly and unlawfully possessed a sawed-off shotgun, which firearm had not been registered to him, in violation of Title 26 U.S.C. 5861(d).[1]
 
 
 2
 On appeal Johnson contends that Section 5861(d) is violative of his privilege against self-incrimination, conflicts with his constitutional right to keep and bear arms, and is vague and indefinite. We have considered all of appellant's contentions and find them without merit, and therefore affirm.
 
 
 3
 Appellant bases his self-incriminatory argument on Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), in which the Supreme Court held that petitioner's 'claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under 5841 or for possession of an unregistered firearm under 5851.' 390 U.S. at 100, 88 S.Ct. at 732. Haynes was decided under the then existing National Firearms Act. Congress subsequently amended the Act in its entirety and substituted the new National Firearms Act.[2]
 
 
 4
 The recent Supreme Court decision in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356, in which Section 5861(d) (the section with which we are here concerned) was challenged, completely disposes of appellant's contentions that the Act is self-incriminatory. The Court expressly concluded 'that the amended Act does not violate the Self-Incrimination Clause of the Fifth Amendment which provides that no person 'shall be compelled in any criminal case to be a witness against himself.' As noted A lawful transfer of a firearm may be accomplished only if it is already registered. The transferor-not the transferee-- does the registering.' 401 U.S. at 605, 91 S.Ct. at 1116.[3] Similarly, Freed is dispositive of appellant's subsidiary contention that compliance with the federal statute would result in self-incriminating admissions under state law. This argument was made and rgjected in Free. The Court said, 'Since the states and other federal agencies never see the information, he is left in the same position as if he had not given it, but 'had claimed his privilege in the absence of a * * * grant of immunity.' Murphy v. Waterfront Comm'n., 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678. This, combined with the protection against use to prove prior or concurrent offenses satisfies the Fifth Amendment requirements respecting self-incrimination.' 401 U.S. at 606, 91 S.Ct. at 1117.
 
 
 5
 Appellant's contention that the Act is unconstitutionally vague is likewise disposed of by Freed. Appellant argues that the statute fails to provide for the fortuity of possessing an abandoned weapon and for the criminal consequences thereof. It is evident from Freed that neither specific intent nor knowledge that the firearm is registered is required under the Act. 401 U.S. at 356, 91 S.Ct. at 1112. See also the concurring opinion of Mr. Justice Brennan wherein he notes that 'no intent at all need be proved in regard to one element of the offense-- the unregistered status of the (firearm).' 401 U.S. at 612, 91 S.Ct. at 1120. Thus possession of such a firearm, if unregistered, whether abandoned or not, is prohibited.
 
 
 6
 Appellant's remaining contention, that his constitutional right to bear arms had been infringed by the Act, misconstrues the Second Amendment which provides that 'A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.' The Supreme Court dealt with such a constitutional attack directed against the National Firearms Act of 1934 in United States v. Miller, 307 U.S. 174, 178, 59 S.Ct. 816, 818, 83 L.Ed. 1206 (1939), in holding that 'In absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less than eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument.'
 
 
 7
 Affirmed.
 
 
 
 [1]
 Section 5861(d) makes it unlawful for any person 'to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.'
 
 
 [2]
 The revision was made in order to eliminate the objectional provisions of the Act found in Haynes. See 1968 U.S.Code Cong. & Adm.News, pp. 4435, 6042, 6046; S.Rep.No.1501, 90th Cong., 2d Sess. 26, 42, 48, 52; H.Rep.No. 1956, 90th Cong., 2d Sess. 35; United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112; United States v. Black, 6 Cir., 1970, 431 F.2d 524
 
 
 [3]
 We used the same reasoning in upholding the constitutionality of a similar section of the Act in United States v. Ramsey, 5 Cir., 1970, 429 F.2d 565. See also Marshall v. United States, 5 Cir., 1970, 422 F.2d 185, and Burton v, United States, 5 Cir., 1969, 414 F.2d 261