**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Tom Willie WILLIAMS, Defendant-**
**Appellant.**

**No. 30743.**

United States Court of Appeals,
Fifth Circuit.

June 17, 1971.

Vernon Coe, Court appointed, Dallas, Tex., Thompson, Coe, Cousins, Irons & Porter, Dallas, Tex., for defendant-appellant, Tom Willie Williams.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., James F. Gaulding, Dallas, Tex., Asst. Regional Counsel, Internal Revenue Service, Cecil Emerson, Asst. U. S. Atty., Harry H. Ellis, Sr. Atty., Office of the Regional Counsel, Internal Revenue Service, for plaintiff-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

This appeal is from a judgment of conviction for unlawful possession of a firearm in violation of Title 26 U.S.C. §§ 5861(d) and 5871. Appellant, Tom Willie Williams, raises several legal issues on appeal, all of which have been previously considered by the Supreme Court or this Court and have been found to be without merit.

■ Appellant first contends that the statutes under which he is charged are violative of his right to bear arms as guaranteed by the Second Amendment to the Constitution. This identical question was answered adversely to appellant's contention in United States v. Miller, 307 U.S. 174, 178, 59 S.Ct. 816, 818, 83 L.Ed. 1206 (1939), and in this Court's recent decision, United States v. Johnson, 5 Cir., 1971, 441 F.2d 1134.

■ Appellant next contends that the search of the vehicle and seizure of the firearm were in violation of his Fourth Amendment rights. The evidence shows that an automobile operated by appellant's brother, in which appellant was a passenger, was proceeding, on a public street in a reckless and careless manner. The vehicle was alternatively being braked, then accelerated, causing it to bounce. Appellant was leaning from the right front window of the vehicle, yelling obscenities to passersby and waiving his arms. Based on these observations, Officer Hughes, a Dallas, Texas Police Department patrolman, stopped the vehicle to determine whether the occupants were intoxicated. He noticed that appellant attempted to push an object under the seat. After the occupants alighted from the car, Officer Hughes could see the barrel of a shotgun protruding from beneath the seat. Appellant and his brother were then frisked for weapons, after which Officer Hughes returned to the vehicle and seized the loaded sawed-off shotgun. Subsequently, the two men were turned over to federal authorities. Because of the well-established "plain view" doctrine, it is evident that the of-

ficer's observation of the weapon did not constitute a search within the intendment of the Fourth Amendment. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968); Ker v. State of California, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 1634–1635, 10 L.Ed.2d 726 (1963); United States v. Johnson, 5 Cir., 1969, 413 F.2d 1396, 1400, affirmed, en banc, 5 Cir., 1970, 431 F.2d 441; Williams v. United States, 5 Cir., 1968, 404 F.2d 493, 494; Weaver v. United States, 5 Cir., 1967, 374 F.2d 878, 882.

■ Appellant contends that the length of his sentence—eighteen months —constitutes cruel and unusual punishment in violation of the Eighth Amendment. We are not impressed with the argument that the sentence was disproportionate to the crime for which appellant was convicted. The maximum sentence prescribed by statute for violation of the felony involved is ten years. The sentence imposed was well within the bounds of the statutory provision. Furthermore, it is not within the province of this Court to modify a sentence legally imposed. This is a matter addressed to the sound discretion of the trial court. We find no abuse of that discretion. Zaffarano v. Blackwell, 5 Cir., 1967, 383 F.2d 719, 721; Boerngen v. United States, 5 Cir., 1964, 326 F.2d 326, 329; Sullivan v. United States, 5 Cir., 1963, 317 F.2d 101, 102. See also Newberry v. Beto, 5 Cir., 1969, 406 F.2d 1325, 1326.

■ Appellant's contention that his privilege against self-incrimination was violated by the registration provisions of the National Firearms Act has been disposed of adversely to appellant by the recent Supreme Court decision in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), and its fast-developing progeny in this Circuit. See United States v. Johnson, 5 Cir., 1971, 441 F.2d 1134; United States v. Coleman, 5 Cir., 1971, 441 F.2d 1132; United States v. Piper, 5 Cir., 1971, 443 F.2d 371; United States v. Miller, 5

Cir., 1971, 441 F.2d 1147; United States v. Beck, 5 Cir., 1971, 443 F.2d 1360.

■ Appellant next contends that he was denied his constitutional right to a trial by an impartial jury. Appellant, a Negro, was tried by an all-white jury. He concedes—as indeed he must—the propriety of the manner in which the jury venire was selected, since the venire was obtained under the District Court's plan of random selection from voter registration lists. The plan was specifically approved by the reviewing panel consisting of the members of the Judicial Council of this Circuit and the Chief District Judge of the District involved. 28 U.S.C. § 1863(a). (The Judicial Council is composed of all the Circuit Judges of the Circuit in regular active service. 28 U.S.C. § 332.) He objects, however, to the fact that although there were three Negroes on the twenty-eight-man jury venire, all three were peremptorily stricken by the Government prosecutor without cause or explanation, in violation of his Sixth Amendment rights. Such a contention conflicts with the holding of Swain v. State of Alabama, 380 U.S. 202, 211–212, 85 S.Ct. 824, 831, 13 L.Ed.2d 759 (1965), in which the Supreme Court upheld the system of peremptory challenges, explicitly finding merit in the State's argument that the system affords "a suitable and necessary method of securing juries which in fact and in the opinion of the parties are fair and impartial." See also Davis v. United States, 5 Cir., 1967, 374 F.2d 1, 5.

■ Appellant's final contention of a fatal variance between the indictment and the evidence is totally without merit. Appellant and his brother, Leonard Williams, were jointly indicted, but separately tried following appellant's motion for severance. The indictment, in pertinent part, alleges that the two named defendants possessed a firearm which "was not registered jointly and severally to them in the National Firearms Registration and Transfer Record." Appellant contends that the only

evidence on the question of registration adduced at the trial was in connection with whether the weapon was registered to him alone. The contention overlooks the Government's evidence consisting of an authenticated certificate of the custodian of the National Firearms Registration and Transfer Record, which unequivocally shows that the weapon was not "registered to Tom Willie Williams, or anyone else."

Affirmed.