Raymond Charles **MILENTZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 71–1062.

United States Court of Appeals,
Eighth Circuit.

July 21, 1971.

---

Philip B. Polster, St. Louis, Mo., for appellant.

Michael Abbell, Atty., U. S. Dept. of Justice, Washington, D. C., Daniel Bartlett, Jr., U. S. Atty., Robert B. Schneider, Asst. U. S. Atty., for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

The defendant was convicted after a jury trial of possessing a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). He was sentenced to four years' imprisonment. He contends (1) that the National Firearms Act, 26 U.S. C. § 5801 et seq., of which § 5861(d) is a part, is unconstitutional in that it denies him equal protection under the law; (2) that the act violates the due process requirements of the Constitution by eliminating the requirement of specific intent; and (3) that the court erred in instructing the jury with respect to his intoxication at the time of the offense.

At the defendant's trial, the government established that on the evening of June 15, 1970, officers of the St. Louis Metropolitan Police Department responded to a telephone call indicating the presence of a person flourishing a weapon. Upon arriving at the scene, the officers spotted the defendant waiving the sawed-off shotgun in question over his head. As the officers got out of the patrol car, the defendant dropped the weapon. Thereupon, the defendant was arrested and taken into custody along with the shotgun. The weapon was not loaded and no shells were found on the person of the defendant.

The shotgun was found to have a barrel length of 12 and $^{15}/_{16}$ inches and to be in operating condition.

The defense testimony conceded the defendant's possession of the shotgun. The sole defense witness, a female acquaintance of the defendant, testified that she and the defendant had spent the evening at his sister's home; that the defendant had consumed about one and one-half pints of bourbon and was intoxicated; that the shotgun had been present at the sister's home and that it belonged to a third party; that an argument had developed over the defendant's brandishing the shotgun; that they had decided to take it back to its owner; that on the way, the car was struck from behind by an unidentified vehicle; that upon stopping to check for damage to the car, the defendant got out of the vehicle, the gun fell onto the ground and the defendant picked it up and wandered off; and that the police arrived shortly thereafter. This testimony was corroborated by the police officers to the extent that, shortly after they arrested the defendant, the defense witness appeared in her automobile.

The defendant's first contention is that the present statutory scheme of the National Firearms Act denies him the equal protection of the laws. He correctly points out that valid possession of a firearm, as defined under the Act,[1] is dependent upon valid registration of

_____

1. See, 26 U.S.C. § 5845(a) for the definition of "firearm." It includes "a shotgun having a barrel or barrels of less than 18 inches in length."

the firearm. He is also correct when he asserts that, at the present time, valid possession may be obtained only if a lawful possessor lawfully registers the transfer of the weapon. A transferee cannot register the weapon. See, United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

The defendant's contention fails, however, when he asserts that this statutory scheme discriminates against transferees and in favor of transferors. The Act makes it equally unlawful for *any person* "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." [2] This restriction on receipt or possession applies equally to both transferors and transferees. A transferor escapes penalty only if his own receipt and possession are valid. Further, one who transfers a firearm in violation of the Act is separately subject to criminal penalty. 26 U.S.C. § 5861(e).

■ The fact that a person who illegally takes possession of a firearm may not validate his possession by registration in no way violates the Equal Protection Clause of the Constitution.[3]

■ The defendant's contention that the Act violates the Due Process Clause by failing to require a specific intent to violate the law is equally without merit. The Supreme Court in United States v. Freed, *supra*, squarely held that a specific intent to violate the law was not constitutionally or statutorily required.

■ Finally, the defendant takes issue with the trial court's instruction on

the legal effect of intoxication. The defendant's requested instruction stated:

> "Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the time of the commission of a crime may negate the existence of a specific intent."

The trial court refused the defendant's instruction, and instructed the jury as follows:

> "There is evidence that Defendant was intoxicated at the time he is alleged to have committed the crime charged in the indictment. This evidence bears only upon whether the Defendant had the intent to possess the firearm mentioned in the evidence."

In view of the elements of the offense charged, as set out in United States v. Freed, *supra,* we do not believe the giving of the latter instruction constituted error. Under *Freed,* specific intent to violate the law is not a necessary element of the crime; therefore, the negation of specific intent is irrelevant.

Nor is the defendant correct in his contention that he should have received his instruction on intoxication because the entire case was tried on the basis that a specific intent to violate the law was necessary. The court's instructions, taken as a whole, clearly required the jury to find only that the defendant had knowingly possessed the firearm, not that he willfully violated the Act.[4] To

---

2. 26 U.S.C. § 5861(d).

3. We need not deal, in this opinion, with the defendant's hypothetical inquiry into the situation of an innocent finder of a firearm. The testimony of the defense witness makes it clear that the defendant was not an innocent finder. But see, United States v. Johnson, 441 F.2d 1134 (5th Cir. 1971).

4. The substance of the court's instructions in this area is as follows:

"The matter of intent is, of course, an essential element which must exist, in order for the defendant to be criminally liable. Therefore, in order to find the defendant guilty, you must not only believe that he did the acts complained of, and of which he here stands charged, but *you must also believe that the acts were intentional and knowingly done by the defendant.*

"An act is done 'willfully' if done voluntarily and purposely and with the specific intent to do that which the law forbids.

the extent that any consideration of willfulness was inadvertently interjected into the instructions, the defendant could only have benefited.

Furthermore, the defendant moved to dismiss the indictment prior to trial on the grounds that the statute in question was constitutionally deficient in its failure to require a specific intent or scienter. In view of the trial court's denial of the motion, it is difficult for this Court to believe that the defendant was substantially misled or prejudiced at trial.

■■ The fact that the indictment referred to willful possession adds little to the defendant's claim. First, under the case law, the act of possession must be willing and knowing. See, United States v. Freed, *supra*; Sipes v. United States, 321 F.2d 174, 179 (8th Cir. 1963). Second, even if the language is intended to allege a knowing violation of the Act, the case law is clear that such an allegation is mere surplusage and need not be proved. See, *e. g.*, Gawne v. United States, 409 F.2d 1399, 1403 (9th Cir. 1969); Castle v. United States, 287 F.2d 657 (5th Cir. 1961); Gambill v. United States, 276 F.2d 180 (6th Cir. 1960). Third, no objection to the alleged variance was made prior to appeal. Under the applicable standards of Rule 52(b), Fed.R.Crim.P., we find no plain error affecting substantial rights.

The judgment of conviction is affirmed.

"*An act is done 'knowingly' if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.*

"The purpose of adding the word 'knowingly' was to insure that no one would be convicted for an act done because of mistake, or accident, or other innocent reason.

"The essential elements of the offense charged in the indictment which the Government is required to establish beyond a reasonable doubt are as follows:

"*First, that the defendant at the time and place charged in the indictment knowingly possessed a shotgun with a barrel less than 18 inches in length; and*

"Second, that the shotgun at the time and place charged was not registered to the defendant in the National Firearms Register and Transfer Record." (Emphasis added.)

While the court for some reason gave a definition of "willfully," it never stated that the acts had to be done either willfully or with specific intent to violate the law.