UNITED STATES of America,
Appellee,

v.

Bufford James **HENDERSON**, Appellant.

No. 72–1715.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1973.

Decided June 8, 1973.

---

8.   6 Collier on Bankruptcy, ¶ 3.23 [4] at 571.

James L. Crabtree, Federal Public Defender, Kansas City, Mo., for appellant.

Anthony P. Nugent, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Bufford James Henderson appeals from the entry of a judgment of conviction, based upon a jury verdict finding him guilty of violating the provisions of 26 U.S.C. §§ 5861(d) and 5871. Henderson was charged with knowing possession of a firearm, with a barrel of less than 18 inches, which had not been registered to him in the National Firearms Registration and Transfer Record. Henderson raises three arguments: (1) the evidence was insufficient to show that the shotgun involved was not registered to the defendant under the National Firearms Registration and Transfer Record; (2) the trial court failed to instruct the jury that "knowing" possession was an essential element of the crime; and (3) the trial court improperly commented on the evidence. Finding Henderson's arguments without merit and finding that Henderson received a fair trial, the judgment of conviction is affirmed.

First, Henderson claims that Government's proof that the gun was not registered was insufficient because the Government had not properly searched the records of the National Firearms Registration and Transfer Record. This contention rests upon the fact that the Government searched the records by submitting the name of Bufford James Henderson to the custodian of the Record. Apparently Henderson had signed his name James Bufford Henderson at various times and from this fact he claims that the Government might have missed an entry under the second name. It is noted that Henderson does not claim that the Record was searched through use of a name which was not his correct legal name. Indeed this case is styled under the name submitted to the custodian of the Record. Furthermore, the jury was told that they need not accept the Government's proof on this issue as conclusive. At most, a jury question was posed by this argument. When reviewing questions relating to sufficiency of the evidence, this Court must view the evidence in the light most favorable to the Government with all the attendant inferences which may be fairly drawn therefrom. See e. g., Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Second, Henderson argues that the trial judge failed to instruct the jury with regard to an essential element of the offense: *knowing* possession of the firearm. The trial judge charged:

"The offense charged in the indictment has two essential elements as follows: Of the first, that the defendant at the time and place charged in the indictment possessed a shotgun with a barrel less than 18 inches in length. . . ."

We agree that the trial court might more properly have told the jury that the defendant must have *"knowingly* possessed" the firearm in question. Indeed "knowing" possession is an essential element of the crime. See e. g., United States v. Freed, 401 U.S. 601, 607, 91 S.Ct. 1112, 28 L.Ed.2d 356

(1971); United States v. Smith, 477 F. 2d 399 (8th Cir., 1973). However, shortly after the trial judge gave the above-mentioned instruction, he defined what he meant by possession, and in our opinion adequately stated the essential element of knowledge:

"The law recognizes two kinds of possession, actual possession and constructive possession. The person who *knowingly* has direct physical control over things at a given time is then in actual possession of it. A person who although not in actual possession *knowingly* has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. . . .

"You may find the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession of the sawed-off shotgun. . . ." (Emphasis supplied.)

The general principle which must guide us in this case has been summarized well by Chief Judge Matthes: "It is settled . . . that appellate courts must review trial court instructions in their entirety in order to determine whether juries have been properly charged." United States v. Mitchell, 463 F.2d 187, 191 (8th Cir. 1972), cert. denied, 410 U.S. 969, 93 S.Ct. 1449, 35 L.Ed.2d 705 (1973). This principle has also been applied to a case quite similar to the instant one. United States v. Milentz, 446 F.2d 111, 113 & n.4 (8th Cir. 1971). While we would have preferred the instructions in this case be more explicit, when taken as a whole, the instructions fairly stated the essential elements of the crime.[1]

■ Third, Henderson argues that the trial judge improperly commented on the evidence. The trial judge said:

"There's some dispute about whether it [the gun] was in the back seat or the front seat, but the evidence is undisputed that officers found the gun in the front seat of the car. So that's that."

Henderson objects to this statement because he says it assumes there was never more than one gun. Although the defendant presented no evidence, by cross-examination and by argument Henderson attempted to show that there were two guns involved, the gun found in the car by the policemen, and another gun placed in the car by the defendant. Henderson had been seen running with a gun toward the car, and was observed placing the gun in the car. Henderson apparently sought to prove that the gun put into evidence was a gun which defendant never possessed, but was rather in the car at the time he placed the second gun in the auto. We note that Henderson's evidentiary basis for this argument was virtually nonexistent. We further note that the car was inventoried and no other gun was found. Furthermore, it seems to us that the trial judge did not assume that there was only one gun, but rather stated that *the gun in evidence* was found in the front seat and not the back seat. Against this backdrop we are not prepared to say that the trial judge abused his discretion in commenting on the evidence. *See e. g.*, United States v. Cole, 453 F.2d 902, 907–909 (8th Cir.), cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972). *Cf.* United States v. Brandom, 479 F.2d 830 (8th Cir. 1973).

For the foregoing reasons, and because Henderson was accorded a fair trial, the judgment of conviction is affirmed.

---

1. It appears that the trial court may have required the Government to prove specific intent. As noted in the cases of United States v. Freed, *supra*, 401 U.S. at 607, 91 S.Ct. 1112; United States v. Smith, *supra*, 477 F.2d at 401, specific intent is not an essential element of the crime. In any event, "To the extent that any consideration of willfulness was inadvertently interjected into the instructions, the defendant could only have benefited." United States v. Milentz, *supra*, 446 F.2d at 113–114.