John Henry NICHOLS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47094.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

cerning a burglary on Canary Drive. Moments later another call was received, reporting a burglary in progress; the address given was on the same street as reported in the first call. When the police arrived, a woman informed them that a man had burglarized her home and attempted to rape her; a pistol belonging to her had been taken.

A man standing in a nearby driveway motioned for the officers and informed them that he and his wife had observed a man climbing through a window of another house. The officers knocked on a door to the house, announcing themselves and demanding entrance; no answer was received. An officer gained entrance through a window and found appellant inside the residence. The police proceeded to look through the house to determine if other persons were present. While doing so, an officer looked under a bed and found the gun earlier taken from the complaining witness.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of burglary of a private residence at night, with intent to commit rape; punishment was assessed at 25 years' confinement.

In his sole ground of error, appellant argues that the trial court erred in admitting into evidence a pistol found in the residence where he was apprehended. Appellant challenges the legality of the search which produced this weapon. The facts must be briefly summarized.

During the early morning hours of April 15, 1972, Dallas police received a call con-

Appellant argues that since he was apprehended in one room and the pistol was found in another his 4th Amendment rights were violated, according to Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969). We cannot agree. At the time appellant was arrested the officers were in pursuit of him; two burglary calls had been received and one burglary and an attempted·rape had been confirmed. A pistol was missing and one man was seen crawling through a window of a nearby residence.

The record does not support an allegation of a *routine* search of the home where appellant was arrested.[1] The police could not have been sure at that point as to how many persons were involved, or if other persons victimized by appellant were in the house. As stated in Simpson v. State, 486 S.W.2d 807 (Tex.Cr.App.1972), the law is *not* that "when officers enter to arrest one person, they may not take measures to pro-

---

1. Testimony at the trial revealed that the home where appellant was arrested belonged to appellant's sister.

tect themselves from possible harm by other persons on the premises."

"We do not construe the holding in *Chimel* as absolutely prohibiting searches beyond the area of the arrestee's reach; but rather, we feel that *Chimel* only prohibits *routine* searches of the area beyond the arrestee's reach. It does not prohibit a search beyond that area if the circumstances of the arrest are such that an arresting officer would be justified in believing that an expanded search would be necessary for his protection."

Simpson, supra at p. 810. See also, Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). We conclude that the search which revealed the pistol was not unreasonable under the 4th Amendment.

The judgment is affirmed.