Oral Roy CRAIG, Appellant,

v.

The STATE of Texas, Appellee.

No. 51176.

Court of Criminal Appeals of Texas.

March 10, 1976.

Hal S. Hudson, Peter H. Murphy, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Ted Poe, Asst. Dist. Atty's., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for carrying a handgun; the punishment assessed, but probated for one year, is confinement in the county jail for 30 days and a fine of $250.

In two grounds of error the appellant urges that the handgun was erroneously admitted in evidence because it was unlawfully obtained as the result of an unconstitutional search and because it was found as the result of the appellant's custodial interrogation before he was advised of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The appellant waived a jury trial and was tried before the court on pleas of not guilty of the offenses of driving a motor vehicle on a public road while intoxicated and of carrying a handgun. The cases were tried together with the appellant's consent. The court found the appellant was not guilty of driving a motor vehicle on a public road while intoxicated.

The facts necessary to the understanding of a discussion of appellant's grounds of error follow. The appellant, who was alone, drove his pickup truck into the rear end of an automobile on a public street. A police officer came to investigate the collision; although he was of the opinion the appellant was intoxicated, the officer asked the appellant to drive his truck from the street onto a private lot which was only a few feet from the street. The officer explained that he did not move the pickup truck because he was alone and did not want to leave his patrol car unattended near the appellant while the pickup was being moved. The appellant was then placed in the back seat of the patrol car. The officer had some difficulty discussing the collision with the appellant, but during their conversation the appellant asked the officer to get a briefcase containing some valuable jewelry out of his pickup truck. The appellant was under lawful arrest and

in custody; the officer had not advised the appellant of his constitutional rights as set out in *Miranda v. Arizona*, supra, and as required by our statutes. Following the appellant's request the officer went to the pickup truck; he opened the door on the driver's side and observed a pistol in plain view on the floorboard partially under the front seat on the driver's side; he saw the briefcase on the floorboard of the passenger's side.

The pistol was not recovered as a result of a search. A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies exploratory investigation or quest. Mere observation does not constitute a search. *Haerr v. United States*, 240 F.2d 533 (5th Cir. 1957); *Turner v. State*, 499 S.W.2d 182 (Tex.Cr. App.1973). See also *Blassingame v. Estelle*, 508 F.2d 668 (5th Cir. 1975); *United States v. Williams*, 446 F.2d 486 (5th Cir. 1971). The appellant asked the officer to obtain the briefcase containing the valuable jewelry from the pickup truck. It was while the officer was complying with the appellant's request that the officer saw the pistol in plain view.

The failure of the officer to give the appellant a *Miranda* warning before the officer found the pistol did not require that the pistol be excluded from evidence. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona*, supra.

Here the appellant voluntarily requested that the officer obtain his briefcase from the pickup truck. Certainly the request was voluntary; it was not shown to have been elicited by custodial interrogation. The failure to give the *Miranda* warning did not render the pistol inadmissible in evidence. The pistol was lawfully obtained and properly admitted in evidence.

The judgment is affirmed.

Opinion approved by the Court.