**Kenneth Fred CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53268.

Court of Criminal Appeals of Texas.

March 16, 1977.

Rehearing Denied April 13, 1977.

Steven G. Condos, Dallas, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., Bill Booth and Brady Sparks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of indecency with a child; the punishment is imprisonment for 7 years.

Appellant contends that the court erred in admitting into evidence over objection several magazines containing photographs of nude boys because they were obtained as a result of an alleged unlawful search and seizure.

On February 11, 1975, Dallas Police Officers Holmes, McDonald, and Garis went to appellant's residence to arrest him pursuant to an arrest warrant charging him with the offense of indecency with a child. The officers knocked on appellant's door and he invited them into his apartment. Officer McDonald informed the appellant that he had a warrant for his arrest. The appellant was dressed in trousers and a tee-shirt and asked the officers if he could get a shirt and jacket out of his closet. Officer Holmes responded: "Yes, I'll take you back to get it," then he followed the appellant back to his bedroom. While Holmes was in the bedroom with appellant he observed a box in plain view beside the closet. The box was open, and on and around the box there were several magazines which depicted nude boys. Several other items and photographs were seized along with the magazines; however, only the magazines were admitted into evidence by the trial court.

Appellant's version of the events relating to the seizure of the magazines was different from that of the police officers. At the hearing on his motion to suppress, appellant testified that when the police officers arrived at his apartment he was wearing a shirt which was unbuttoned. When the officers informed him that they had a warrant for his arrest he said: "Well, let me get my jacket." He said he did not invite the officers into his apartment. Appellant then put on his jacket which he says was on the back of a chair in the living room. He was then handcuffed and told to sit on the divan. The officers went directly to the bedroom like "they knew what they were looking for." Appellant said that the magazines were inside the box which was

closed; thus, the officers could not have observed them in open view.

■ The admissibility of the evidence depended upon a question of fact; the trial judge was the sole judge of the weight and credibility of the witnesses. As the fact finder he may choose to believe or disbelieve any or all of the witnesses' testimony. *Adams v. State*, 537 S.W.2d 746 (Tex.Cr. App.1976); *Stephenson v. State*, 494 S.W.2d 900 (Tex.Cr.App.1973).

Appellant contends that the magazines were seized illegally because the officers intended to seize the materials and did not obtain a search warrant. He says there are no exigent circumstances showing why the officers could not have obtained a search warrant. Appellant also argues that the search was not valid as being incident to a lawful arrest because the search was not confined to the area in which he was arrested.[1]

■ Under both the United States Constitution and the Texas Constitution, the failure to obtain a search warrant is excusable where the search is incident to a lawful arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Nichols v. State,* 501 S.W.2d 107 (Tex.Cr.App.1973); *Simpson v. State,* 486 S.W.2d 807 (Tex.Cr.App.1972); *Maldonado v. State,* 528 S.W.2d 234 (Tex.Cr.App.1975). A police officer may seize what he sees in plain sight or open view if he is lawfully where he is. *Jackson v. State,* 449 S.W.2d 279 (Tex.Cr.App.1970); *Simpson v. State,* supra; *Sutton v. State,* 519 S.W.2d 422 (Tex.Cr.App.1975); *Craig v. State,* 533 S.W.2d 827 (Tex.Cr.App.1976).

Appellant does not challenge the existence or validity of the warrant for his arrest. He contends that the scope of the search incident to his arrest exceeded the limitation of *Chimel v. California, supra.* The record reflects that appellant was arrested in February and the weather was cold. Officer Holmes stated that any time

1. In the first two paragraphs of his sole ground of error appellant says that he is relying upon the rule of law that the suppression of evidence by the prosecution violates due process. He

does not point out what evidence was suppressed and we cannot find even a hint that any evidence favorable to appellant was suppressed by the State.

he arrests a felon he is going to stay with him in order to prevent the person from escaping or trying to hurt someone. Holmes stated that he was going to follow the appellant into the bedroom when he got his shirt and jacket, whether the appellant invited him or not, because appellant was under arrest.

Officer Holmes had a right to be in appellant's bedroom when he observed the magazines in open view. The magazines were not seized as the result of a routine search of the area beyond appellant's reach. We hold that the magazines were not obtained as a result of an illegal search; thus, the court did not err in admitting them into evidence. *Nichols v. State,* supra; *Simpson v. State,* supra.

We have examined appellant's pro se brief and find that all of his complaints are without merit and are accordingly overruled.

The judgment is affirmed.

Opinion approved by the Court.