**Felix Rosendo MEDINA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–837–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 29, 1986.

William Rosch, III, Neil C. McCabe, Houston, for appellant.

John B. Holmes, Jr., Linda West, Houston, for appellee.

Before JUNELL, DRAUGHN and EL-LIS, JJ.

## OPINION

JUNELL, Justice.

Felix Rosendo Medina appeals a conviction for unlawfully carrying a handgun. In his sole ground of error, appellant claims the trial court erred in overruling his motion to suppress the evidence. We affirm.

On the afternoon of July 3, 1985, Houston Police Officers Romano and Rumph had the parking lot of a Pizza Inn under surveillance as part of a narcotics investigation. The officers saw appellant drive up and park his car. Although appellant was a suspect in the investigation, the officers did not have a warrant for his arrest. The officers maintained surveillance until they received information prompting them to decide to approach the suspects. Officer Romano approached appellant's car from the left rear. During his approach the officer had his gun drawn and positioned behind his back. Upon reaching the rear of appellant's car, Officer Romano raised the gun in front of him and pointed it in appellant's direction. When he reached appellant's side, the officer saw a handgun in appellant's lap. At that time Officer Romano, who was not wearing a police uniform, identified himself as a police officer. A search of the car revealed a large amount of money but no narcotics.

In his sole ground of error, appellant claims the evidence of the gun was obtained as the result of an illegal arrest and should have been suppressed. Appellant argues that he was under arrest from the moment Officer Romano pointed his pistol at appellant. Since the officer had no arrest warrant and no probable cause to arrest until he saw the handgun, appellant claims the arrest was illegal, the handgun was found in a search incident to an illegal arrest, and the handgun is inadmissible evidence.

Appellant claims the officer's subjective intent determines when the arrest took place in this case. Officer Romano testified the officers were present in the parking lot because they "were going to try and arrest" appellant and another suspect. Appellant claims when an officer standing within a few feet points a gun at a suspect, an arrest has occurred. Based on the facts of this case, we reject appellant's contentions and find no arrest occurred until after the officer saw the gun.

The burden of proving the legality of a warrantless arrest is upon the state. *Wilson v. State,* 621 S.W.2d 799, 804 (Tex. Crim.App.1981). Under Tex. Code Crim. Proc. article 14.01(b) a peace officer may arrest an offender without a warrant for any offense committed within his presence or view. In the present case, the appellant committed the offense of unlawful possession of a handgun within the presence and view of Officer Romano. The handgun was not recovered as the result of a search.

A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. Mere observation does not constitute a search. *Craig v. State*, 533 S.W.2d 827, 828 (Tex.Crim.App.1976). The officer merely observed the handgun when he approached appellant. No search was needed to see the handgun since it was in public view in appellant's lap. The officer had the right under Tex. Code Crim.Proc. article 14.01(b) to make a warrantless arrest of appellant at the time the officer saw the gun.

The officer had the right to approach appellant in the parking lot; he would have had this right even if appellant had not been a suspect. The officer also had the right to protect himself by drawing his gun as he approached appellant. Even assuming appellant had been under arrest at the time the officer pointed his gun in appellant's direction, it would be irrelevant because no search occurred and because appellant committed the crime in the officer's presence. Under appellant's logic, an illegally arrested person would be immune from prosecution for any offense committed within the view or presence of an officer after the illegal arrest.

It is well established an officer may seize contraband seen in a public place and that such seizure is not a search. *See Galitz v. State*, 617 S.W.2d 949 (Tex.Crim.App.1981); *Berry v. State*, 579 S.W.2d 487 (Tex.Crim.App.1979); *Craig, supra.* In this case the offense occurred within the officer's view when the officer was in a place where he had a right to be, performing an act he had a right to perform in a permissible manner. The contraband was discovered by mere observation, not by a search. Since the state proved the offense took place within the officer's presence or view, we find the state met its burden of proving the arrest was permissible under the warrantless arrest exception of Tex. Code Crim.Proc. art. 14.01(b). We affirm.