The STATE of Texas, Appellant,

v.

Jimmy Ray BARNETT, Appellee.

No. 3–88–074–CR.

Court of Appeals of Texas,
Austin.

Rehearing Overruled June 27, 1990.

Dick Alcala, Dist. Atty., San Angelo, for appellant.

Theodore A. Hargrove, III, San Angelo, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

## OPINION ON REMAND

PER CURIAM.

This appeal from an order of the district court granting appellee's motion to suppress evidence is before us for the second time. On original submission, this Court reversed the order of the district court. *State v. Barnett,* 764 S.W.2d 896 (Tex.App. 1989). On appellee's petition for discretionary review, the Court of Criminal Appeals reversed the judgment of this Court and remanded the cause for consideration of the State's remaining points of error. *State v. Barnett,* 788 S.W.2d 572 (Tex.Cr. App.1990).

The written opinion of the Court of Criminal Appeals is that of only three members of the Court. The other six Judges concurred in the result without opinion. Therefore, the reason for the Court's decision cannot be determined. *See* Tex.R. App.P.Ann. 223(a) (Pamph.1990). But while this Court does not know why our previous judgment was set aside by the Court of Criminal Appeals, we now agree, for the reason hereafter discussed, that we erred in reversing the order of the district court.

In our opinion on original submission, we stated that the relevant facts were undisputed, that there was nothing in the record to indicate that the district court disbelieved any part of the testimony of the State's witnesses, and that the district court's ruling had been strictly one of law. Upon further examination of the record, however, we find that we were wrong to so state. At the conclusion of the suppression hearing, the district court made the following statement:

> Let me get something else in the Record. I've heard this evidence, since you're going to appeal, and I want the Appellate Court to know what's going through my mind.
>
> I've yet to hear—I hear this testimony from the police officers about how they are alerted of the activities of this Defendant and how he is dealing reputedly, purportedly in narcotics. And not one officer testifies that they knew that this man was on probation.
>
> [PROSECUTOR]: The—
>
> THE COURT: No, there is not one— I've been looking for that testimony in here. Not one officer testified that they were aware that this Defendant is on probation, which leads this Court to believe that all of this business of justifying this search is an afterthought.
>
> Okay. That's all I want to say.

We interpret this statement to mean that the court's ruling on the motion to suppress was based, at least in part, on its disbelief of the witnesses' testimony (the witnesses' justification for the search was an "afterthought").

As the sole trier of fact at a hearing on a motion to suppress evidence, the trial court is free to believe or disbelieve all or any part of any witness's testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex. Cr.App.1980). The trial court is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *Clark v. State,* 548 S.W.2d 888, 889 (Tex.Cr.App.1977). An appellate court is in no position to second-guess the trial court with regard to the credibility of the witnesses, and the trial court's determination that particular testimony is not credible should not be disturbed absent a clear abuse of discretion. *State v. Comeaux,* 786 S.W.2d 480 (Tex.App.1990, pet. granted). No such abuse of discretion has been demonstrated in this cause.

The legal arguments in the State's points of error assume that the testimony at the hearing was determined to be credible. Because the trial court, in fact, determined that the testimony was not credible, the State's arguments are beside the point. For this reason, all three points of error are hereby overruled.

The order of the district court granting appellee's motion to suppress evidence is affirmed.