IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00285-CV

 

In re
Theron Belton

 

 



Original Proceeding

 

 



ORDER



 

          In our September 21, 2005 opinion in
this original proceeding, we directed the trial court to determine if a hearing
is necessary and proceed to rule on Conagra’s and TDCJ’s objections and
privilege assertions to Belton’s requests for production within thirty days of
our ruling.  To date there has been no hearing or ruling by Respondent.

          Relator Belton has filed a motion
requesting us to order the Respondent to hold a hearing and to rule on the
objections and privilege assertions.  Respondent has sent us a document
requesting “an extension of time for hearing Plaintiff Theron Belton’s request
for production and Defendant TDCJ-ID’s objections and privilege assertions.”[1] 
The trial court has set a hearing on the matter for November 30, 2005.

          Accordingly, we extend the time for
the trial court to rule on Conagra’s and TDCJ’s objections and privilege
assertions to Belton’s requests for production until December 2, 2005.

Belton’s motion for an order compelling the Respondent
to hold a hearing and to rule is dismissed as moot.

 

                                                                   PER
CURIAM

                                                                   

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Time
extended

Motion
dismissed as moot

Order
issued and filed November 9, 2005









    [1]       We
note that our opinion actually requires the Respondent to rule on both Conagra’s
and TDCJ’s objections and privilege assertions to Belton’s requests for
production.








driguez were assigned to secure anyone in the yard or the perimeter
of the house. Officer Chaline also was in charge of Ringo, a dog trained to sniff out narcotics.
      When the raid team arrived at the residence, Officers Chaline and Rodriguez immediately
noticed two people sitting in a blue Cadillac which was parked in front of the house. The vehicle's
lights were off and the engine was not running. The officers approached the car to secure the area
for the safety of the raid team, and also to determine the identities of the occupants and their
purpose at the crack house.
      Officer Chaline shined his flashlight into the Cadillac and asked the occupants to keep their
hands visible. Appellant was sitting in the front driver's seat, and a woman was sitting on the
passenger's side. The officers asked for some identification, and Appellant handed over his
driver's license. The woman did not have any proof of identification but told the officers her
name. Officer Chaline entered this information into his patrol-car computer and determined that
they had no outstanding warrants.
      Officer Rodriguez told Appellant and his female companion that they were free to leave. 
Then, as Appellant was getting back into the Cadillac, Officer Chaline asked Appellant, "You
mind if we look in your car?" Appellant said, "Sure, go ahead." The officers thus asked
Appellant and the woman to step out of the vehicle, and Officer Chaline allowed Ringo to sniff
the inside of the car. Ringo began scratching and biting the area between the front seats,
indicating to Officer Chaline that the dog had found narcotics. Officer Chaline removed Ringo
from the car and asked Officer Rodriguez to check between the front seats. Officer Rodriguez
lifted the armrest and found a plastic baggie containing fifty-three rocks of crack cocaine.
      All three of Appellant's points of error are based upon the trial court's overruling Appellant's
motion to suppress as follows: 
      •    the first point because the evidence was seized as a result of an illegal detention.
      •    the second point because Appellant did not voluntarily consent to the search of the car.
      •    the third point because Appellant's consent was the product of an unattenuated illegal
detention, search, and seizure.
      By his first point of error Appellant asserts that he was detained without reasonable suspicion
of criminal activity. He contends that his act of parking in front of the crack house is as consistent
with innocent activity as with criminal activity. He thus contends the trial court erred by denying
his motion to suppress evidence seized as a result of the detention.
      At a hearing on a motion to suppress, the trial judge is the sole factfinder and he may believe
or disbelieve all or any part of any witness's testimony. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1980). Romero further holds that on appeal the appellate court does not engage
in its own factual review, but decides whether the trial court's factfindings are supported by the
record. If the trial court's findings of fact are supported by the record, an appellate court is not
at liberty to disturb them and, on appellate review, we address only the question of whether the
trial court improperly applied the law to the facts. Moreover, the trial court's ruling on a motion
to suppress evidence should not be set aside absent a showing of abuse of discretion. Maddox v.
State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). To determine whether the trial court abused
its discretion, the evidence adduced at the suppression hearing is viewed in the light most
favorable to the ruling. Walker v. State, 588 S.W.2d 920, 924 (Tex. Crim. App. 1979).
      A police officer may temporarily detain a person for purposes of investigating possible
criminal behavior even though there is no probable cause for arrest. Terry v. Ohio, 392 U.S. 1,
22 (1972). Occupants of automobiles are as subject to a brief detention as are pedestrians. 
Gearing v. State, 685 S.W.2d 326, 328 (Tex. Crim. App. 1985).
      In Gearing at 327, our Court of Criminal Appeals has this to say:
"A police officer may briefly stop a suspicious individual in order to
determine his identity, or to maintain his status quo momentarily while obtaining
more information. An occupant of an automobile is just as subject to a brief
detention as is a pedestrian. (Citation). Circumstances short of probable cause
for an arrest may justify temporary detention for the purpose of investigation
since an investigation is considered to be a lesser intrusion upon the personal
security of the individual. (Citation). The totality of the circumstances
surrounding the incident are looked to in determining whether the police conduct
may be reasonable. . . .
                  "In order to justify the intrusion, the law enforcement officer must have
specific articulable facts which, in the light of his experience and personal
knowledge, together with other inferences from those facts, would reasonably
warrant the intrusion on the freedom of the citizen detained for further
investigation. Detention based on a hunch is illegal. (Citation). There must be
a reasonable suspicion by the officer that some activity out of the ordinary is
occurring, or had occurred, some suggestion to connect the detained person with
the unusual activity related to a crime. Where the events are as consistent with
innocent activity as with criminal activity, a detention based on those events is
unlawful. (Citation)."
      In the case at bar, based upon the totality of the circumstances, we are of the opinion and hold
that the evidence in this case was seized as a result of a legal detention. Officers Chaline and
Rodriguez detained Appellant for two reasons: (1) to protect the officers executing the warrant;
and (2) to determine Appellant's identity and his purpose for being parked in front of the crack
house. At the time the officers approached Appellant, they did not know his identity and realized
there was a possibility that he was an occupant of the residence. Moreover, Officer Chaline
testified that in his professional experience, a person sitting in a car parked in front of a crack
house is in a suspicious place under suspicious circumstances. Therefore, in the light of the
officers' experience and personal knowledge, Appellant's act of parking in front of a crack house
at night constitutes reasonable suspicion warranting a temporary detention.
      To execute a warrant, in the case at bar, the raid team was confronted with a highly dangerous
situation entering a suspected crack house which was possibly filled with buyers and sellers of
cocaine. Therefore, Appellant's location and circumstances gave the officers reasonable suspicion
to detain him for purposes of determining his identity, and protecting themselves and the other
officers. We overrule Appellant's first point.
      By his second point, Appellant contends that he did not voluntarily consent to the search of
his vehicle. He contends that the consent, which followed a fifteen-minute detention by uniformed
officers and a police dog, was given only in submission to lawful authority. We do not agree.
      The trial court is the sole factfinder at a hearing on a motion to suppress evidence and may
choose to believe or disbelieve any or all of the witnesses' testimony. Taylor v. State, 604 S.W.2d
175, 177 (Tex. Crim. App. 1980); Clark v. State, 548 S.W.2d 888 (Tex. Crim. App. 1977). 
Since the trial court is the sole factfinder at a suppression hearing, this court is not at liberty to
disturb any finding which is supported by the record. Green v. State, 454 U.S. 952, 615 S.W.2d
700, 707, (Tex. Crim. App. 1980), cert. denied. Thus, where the record supports a finding that
consent to search was freely and voluntarily given, this court will not disturb that finding. 
Johnson v. State, 803 S.W.2d 272, 286 (Tex. Crim. App. 1990).
      Officers Chaline and Rodriguez testified that Appellant was free to leave after the computer
search revealed that he had no outstanding warrants. Then, as an afterthought, Office Chaline
asked Appellant if he could search the car and Appellant voluntarily agreed. The officers did not
threaten or coerce Appellant in any manner to obtain his consent. The mere fact that the two
officers detained Appellant for investigation prior to receiving his consent to search does not
render the consent involuntary. See Morrow v. State, 757 S.W.2d 484, 491
(Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).
      The record supports the trial court's finding that Appellant's consent to search the car was
given voluntarily. Appellant's second point of error is overruled.
      In his third and final point of error, Appellant claims the trial court erred by overruling his
motion to suppress because his consent to search was the product of an illegal detention. We have
already held in disposition of Appellant's first point of error that the detention was not illegal. 
Therefore, the detention could not possibly have tainted the voluntariness of Appellant's consent. 
Appellant's third point is overruled.
      However, assuming for the sake of argument that the detention was illegal, intervening
circumstances attenuate the connection between the allegedly illegal detention and the discovery
of the contraband. The attenuation doctrine provides that evidence may be admitted if the
connection between the initial illegality and the means through which the evidence was secured
is so attenuated as to dissipate the taint. Wicker v. State, 667 S.W.2d 137, 141 (Tex. Crim. App.
1984), cert. denied. Therefore, even if the detention were illegal, (which we have held it is not),
the evidence would still be admissible under this doctrine.
      The judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed December 14, 1994
Do not publish