Milton **ROBBINS** a/k/a **Mickey Robbins,**
**Defendant-Appellant,**

v.

**UNITED STATES of America,**
**Plaintiff-Appellee.**

**No. 72-1630.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 12, 1973.

Decided March 30, 1973.

Lorenzo E. Tapia, Albuquerque, N. M., for defendant-appellant.

Victor R. Ortega, U. S. Atty. (Ruth C. Streeter, Asst. U. S. Atty., on brief), for plaintiff-appellee.

Before HILL and HOLLOWAY, Circuit Judges, and TEMPLAR, District Judge.

TEMPLAR, District Judge.

Appellant Milton Robbins was found guilty by a jury on Count I of a two-count indictment of having possession of a firearm consisting of a homemade incendiary bomb, alleged to be a destructive device, and not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26 U.S.C. §§ 5861(d) and 5871. He was also found guilty on Count II which charged him with possessing this same firearm which was not identified by a serial number as required by Section 5842 of Title 26, United States Code, in violation of Title 26 U.S.C. §§ 5861(i) and 5871.

Following his conviction, a sentence of five years was imposed on Count I, followed by a suspended sentence on Count II for five years consecutive to the sentence imposed on Count I.

In his appeal Robbins complains that improper and prejudicial instructions were given, over objection, by the trial court, that his motion for a mistrial was denied when the prosecutor made comments in the jury argument inferring that defendant had not taken the stand and testified, and that the indictment was defective because the specific sections and subsections of the statute under which he was prosecuted were not cited.

Appellant insists that because the indictment fails to indicate any section or subsection of a statute in which is stated that knowledge that possession of a firearm not having a serial number and not registered is a violation of law, the indictment does not state an offense since it fails to require the element of scienter or intent to constitute a crime. He further contends that the Magistrate's refusal at his preliminary hearing to allow him to examine prior written statements of the prosecution's witnesses constitutes reversible error, that the statute under which defendant is charged violates the self-incrimination clause of the 5th Amendment, or in the alternative violates the equal protection clause, and lastly defendant claims the indictment is defective because he is charged with the same offense in each of the two counts and is thereby subjected to double jeopardy.

We have carefully considered the various claims of error asserted by the defendant and after a review of the record and consideration of the briefs submitted are convinced that the conviction of appellant on the two counts charged must be affirmed.

Briefly summarized, it appears that evidence offered by the prosecution disclosed that Robbins was the manager of the Jack & Queens Nightclub at Albuquerque, New Mexico, that he engaged two men to construct homemade bombs that could be used for the purpose of putting competitive nightclubs in the area out of business. One of the men so employed by appellant informed the police of the activity; a search warrant was issued for a search of his office quarters in the Jack & Queens Club. Pursuant to the search of appellant's office, there was found a cylindrical canister with a metal top and bottom and a straw filled with gunpowder placed across the top. Alongside the canister was a glass jar containing black powder. An explosive expert from the F.B.I. Laboratory examined the items so found, conducted experiments, and at the trial expressed his expert opinion that the device would ignite certain types of combustible materials that were in contact or immediately adjacent to the device.

The prosecution was required to establish as an essential element of the case that the firearm in question had not been registered and to establish this fact introduced a certificate of the custodian of the National Firearms Register and Transfer Record stating in effect that he had made a diligent search and had found no record of any firearms being registered to Robbins. The instruction of the trial court explained to the jury that the certificate was competent evidence to show that the item introduced in evidence was not registered to the appellant but that it was up to the jury to determine what evidence to accept and what weight they might give to any evidence presented in the case.[1] The certificate was sufficient evidence from which the jury could find and determine, as it did, that the firearm in question had not been registered as required by the statute. Proof was established by the method authorized in F.R. Cr.P., Rule 27, adopting the provisions of F.R.Civ.P., Rule 44. The evidence was sufficient to sustain the jury's finding. United States v. Cowley, 452 F.2d 243 (10 Cir. 1971), and see Vol. 1, Devitt & Blackmar, Federal Jury Practice & Instructions, § 34.05, p. 472. The instruction given was a correct statement.

There was substantial evidence to prove that the destructive device found in appellant's possession was of an incendiary nature and the jury were correctly instructed on the issue of whether it was in fact an incendiary bomb. The question was properly submitted to the jury by the trial court.

It is charged by appellant that in his closing argument to the jury the United States Attorney made an improper comment upon appellant's failure to take the stand and testify in his own defense.[2]

This Court has upheld the privilege of a defendant to excercise his constitutional privilege not to testify where the prosecution's statement in that regard was direct and prejudicial. Collins v. United States, 383 F.2d 296, 302 (10 Cir. 1967), but the statement of the prosecuting attorney in this case falls far short of being prejudicial. A prosecutor may properly call to the jury's attention that evidence before it is uncontradicted without impairing the rights of a defendant who elects not to take the stand and testify. United States v. Lepiscopo, 458 F.2d 977 (10 Cir. 1972), particularly when it is not made to appear that no other testimony was available to contradict the evidence.

Here, the comment of the prosecuting attorney came in response to defense counsel's argument in which he in effect asserted that the only evidence in the case was the testimony of one Barbour, an unbelievable associate of the appellant, who had testified for the Government (Tr. 418). It appears that the evidence referred to by the prosecutor was a tape recording of a conversation to which police officers were listening. In such a circumstance, any of the officers could have been called to dispute the correctness of the recording.

We have examined the indictment, Count I of which appellant contends is defective. This count charges

---

1. The instruction given read:
"Now, the Government has introduced into evidence a Certificate of the custodian of the National Firearms Register and Transfer Record, to the effect that he has made a diligent search and has found no record of any firearms or destructive device being registered to the defendant. Such a certificate is competent evidence that the item—items introduced in this case were not registered to the defendant. However, it is up to you to determine what evidence you will accept, and what weight you may give to any evidence presented to you in this case."

2. The comment made was:
Now, Ladies and Gentlemen, I want to read to you the one piece of evidence in this case that cannot be refuted. It is corroboration of everything Mr. Barbour says, and that is the tape recording of Mr. Robbin's telephone conversation with Barbour when Barbour and the police were on the other end of the line.

in language of the statute, 26 U.S.C. § 5861(d), with the citation of the penalty provision found in 26 U.S.C. § 5871 added, that appellant did "knowingly possess a firearm, that is, a destructive device being more particularly described as one homemade incendiary bomb, which had not been registered to him in the National Firearms Registration and Transfer Record as required by Title II, Gun Control Act of 1968." Appellant complains that the failure to include any reference to the section of the statute which defines a firearm or says that a destructive device is a firearm and the absence of any statement that a homemade incendiary bomb has to be registered, fails to sufficiently apprise the accused of what he must be prepared to meet. This contention is without merit.

Count I of the indictment charged possession by appellant of a destructive device, a homemade incendiary bomb, a firearm, which had not been registered to him, and in Count II, he was charged with possessing such destructive device which was not identified by a serial number as required by the applicable statute.[3]

■ Rule 7(c), F.R.Cr.P., has put an end to "the rules of technical and formalized pleading." Russell v. United States, 369 U.S. 749, 762, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240. Imperfections of form that are not prejudicial are disregarded and common sense prevails over technicalities. The sufficiency of indictments must be determined on the basis of practical rather than technical considerations and the validity of attacks on them must be considered from a broad and enlightened standpoint of right reason rather than from a narrow view of technicality and hairsplitting.

Count I of the indictment, in plain, concise and definite language, alleged the essential facts constituting an offense under the statute. Under provisions of 26 U.S.C. § 5861(d), possession of a prohibited firearm not registered to a person was made unlawful. The firearm which was allegedly possessed by appellant was referred to as a "destructive device being more particularly described as one homemade incendiary bomb." This is a sufficient allegation to fairly notify a defendant of the charge against him. His complaint that the indictment failed to make any reference to 26 U.S.C. § 5845(a)(8) and (f), which is the definition section of the Gun Control Act, is without merit as is his contention that some reference should be made to the section of the statute, 26 U.S.C. § 5841, which requires the registration of firearms.

The rule relied upon by appellant defeats his right to relief. The stated violation in Count I is alleged to be 26 U.S.C. § 5861(d). The penalty section 5871 is added. Such is ample compliance with F.R.Cr.P. 7(c). The rule does not require the detailed recital in the indictment of each section of the Act describing the firearm a defendant is charged with possessing. In any event, the omission thereof has not misled the

3. Specifically, the indictment charged:

"COUNT I

"On or about the 16th day of March, 1972, at Albuquerque, in the State and District of New Mexico, the defendant, MILTON ROBBINS, aka Mickey Robbins, did knowingly possess a firearm, that is, a destructive device being more particularly described as one homemade incendiary bomb, which had not been registered to him in the National Firearms Registration and Transfer Record as required by Title II, Gun Control Act of 1968.

In violation of Title 26 U.S.C. 5861(d) and 5871).

"COUNT II

"On or about the 16th day of March, 1972, at Albuquerque, in the State and District of New Mexico, the defendant, MILTON ROBBINS, aka Mickey Robbins, knowingly possessed a firearm, that is, a destructive device being more particularly described as one homemade incendiary bomb, which was not identified by a serial number, required by Section 5842, Title 26, U.S.C.

In violation of Title 26, U.S.C. 5861(i) and 5871."

appellant here to his prejudice because the indictment otherwise fully apprises him of the charge. No prejudice appearing, such an omission furnishes no ground for reversal of a conviction. Worthy v. United States, 328 F.2d 386 (5 Cir. 1964). What has been said of appellant's complaints as to Count I applies with equal force to his contentions relative to Count II.

As to Count II, appellant asserts additionally that this count is fatally defective because it fails to state the subsection of the statute [4] which requires that a destructive device be identified in such a manner as the secretary may prescribe. Again, we must hold that the allegations of Count II are sufficient. The offense charged was violation of 26 U.S.C. § 5861(i), which makes unlawful the possession of a firearm which has not been identified by a serial number as required by 26 U.S.C. § 5842. The offense charged was not that defendant had failed to have an identification mark placed on the firearm, the offense charged was that defendant had possession of a destructive device which was not identified by a serial number. Had Count II been designed to charge failure of defendant to have the incendiary bomb marked with a serial number, a different question would be presented, but such is not the case. The charge clearly furnished the accused with a description of the charge against him, under section 5861(i), as enabled him to prepare his defense and was sufficient to avail him of his conviction or acquittal for protection against a further prosecution for the same cause. This is all that the law requires.[5] The indictment is not vague or indefinite.

Complaint is made that though the indictment charged defendant with "know-

ingly" committing the offenses described, there was no citation of the section or sections of the statute which states that knowledge of possession is a required element of the violation charged. As noted above the omission of a citation cannot be made the basis of a reversal of a conviction where the omission did not mislead the defendant to his prejudice. (Rule 7(c).) No prejudice has been shown and none appears. Furthermore, the Act requires no specific intent or knowledge that the incendiary bomb was unregistered or unidentified by a serial number. The absence of such a requirement does not violate due process requirements under the Act which is essentially designed as a regulatory statute in the area of public safety.[6] There is no defect in the statute. Though the indictment charged that the defendant acted knowingly, it is only necessary to prove so much of an indictment as establishes that there has been a violation of the statute involved.[7] Here, the evidence was sufficient.

■ The assertion of defendant that the statutes under which the defendant is charged are unconstitutional because they do not provide for intent as an essential element of the crimes defined in the statute cannot be sustained in view of the Supreme Court's pronouncement in *Freed*, supra.

Appellant argues at length that his constitutional rights were violated when, at a preliminary hearing before the Magistrate and prior to the return of an indictment, he was denied the right to obtain and inspect certain statements given by prosecution witnesses for cross-examination and impeachment purposes. Appellant argues that since a preliminary hearing has been held to be a critical stage of criminal process re-

---

4. 26 U.S.C. § 5842(c), reads:
   "Identification of destructive device.— Any firearm classified as a destructive device shall be identified in such manner as the Secretary or his delegate may by regulations prescribe."

5. United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588; James v. United

States, 416 F.2d 467, 472, (5 Cir.), cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L. Ed.2d 87.

6. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356.

7. United States v. Archer, 455 F.2d 193 (10 Cir. 1972).

**32**

quiring assistance of counsel [8], it follows that no limitation may be placed on the right of defendant's counsel to fully cross-examine a witness and require the production of any statement the witness may have made or adopted.

The Court is bound to follow the requirements of the Jencks Act.[9] The language of that statute is clear. The Act provides, in effect, that after a witness called by the Government has testified on direct examination, the Court shall on the defendant's motion, order the United States to produce any statement of the witness in possession of the United States which relates to the subject matter as to which the witness has testified. The statute carefully used the words, "The Court." A committing magistrate is not, "The Court." The word "Court" used in the Act must be construed to mean what it says. The Act further provides that the statement or report shall not be disclosed or inspected until the witness has testified on direct examination "in the trial" of the case. A preliminary hearing can scarcely be characterized as a trial. A trial takes place only before the Court. No right of defendant was violated.[10] There is no constitutional right to a preliminary hearing before a magistrate [11] and the return of an indictment eliminates the need for a preliminary examination.[12] Again, it should be observed that a preliminary hearing is not designed for the purpose of affording discovery for an accused.[13] We decline to follow decisions of the District of Columbia Circuits which, it is contended, have held to the contrary.

Appellant complains that the statute under which he is charged in the indictment is unconstitutional in that it violates the self-incrimination clause of the 5th Amendment and it follows that because he cannot register the device, he is denied equal protection of the law. This Court has determined that the self-incrimination claim is without merit.[14] Likewise, is the claim that the Act denies equal protection of the law. This contention has been considered and found unpersuasive. No person is required to take possession of an unregistered firearm, whether he is the maker, a finder,[15] or a receiver. The Act makes it equally unlawful for any person to receive or possess a firearm which is not registered to him, 26 U.S.C. § 5861(d),[16] or to possess a destructive device which is not identified by a serial number. 26 U.S.C. § 5861(i).

Appellant insists that the indictment is defective because it, in effect, charges him twice with the same offense and that he was tried on the two counts and convicted with identical evidence thus exposing him to double jeopardy.

The well-settled rule is, that for the double jeopardy provision to apply, the offense charged and tried in the first count and the offense charged in the second count must be identical in law and fact.[17] The test for determining whether the offenses charged are identical is whether the facts alleged in one, if offered in support of the other, would sustain a conviction. Where one count requires proof of a fact which the other count does not, the separate of-

8. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.

9. 18 U.S.C. § 3500.

10. Gibson v. Halleck, 254 F.Supp. 159 (D.C.D.C.) ; United States v. Covello, 410 F.2d 536 (2 Cir. 1969) ; United States v. Montos, 421 F.2d 215 (5 Cir. 1970).

11. Sciortino v. Zampano, 385 F.2d 132 (2 Cir. 1967).

12. Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 14 L.Ed.2d 345.

13. United States v. Conway, 415 F.2d 158 (3 Cir. 1969).

14. United States v. Cowley, 452 F.2d 243 (10 Cir. 1971) ; Sanders v. United States, 441 F.2d 412 (10 Cir. 1971).

15. United States v. Johnson, 441 F.2d 1134 (5 Cir. 1971).

16. Milentz v. United States, 446 F.2d 111 (8 Cir. 1971).

17. Bell v. Kansas, 452 F.2d 783 (10 Cir. 1971).

fenses charged are not identical,[18] even though the charges arise out of the same acts.[19]

 Here, Count I charged possession of an unregistered firearm; Count II charged possession of a firearm not identified by a serial number. To convict defendant under Count I, no proof of lack of identification by serial number was needed but Count II did require such proof and it was established by the evidence.[20] Defendant's claim of double jeopardy must be rejected.

Affirmed.

---

18. Bartlett v. United States, 166 F.2d 928 (10 Cir. 1948).

19. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

20. Goldsmith v. Cheney, 447 F.2d 624 (10 Cir. 1971).