**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Patrick Hunt MALONE,
Defendant-Appellant.**

**No. 76–2127.**

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1977.

Rehearing Denied March 16, 1977.

Roy L. Brun (Court-appointed), B. J. Woods (Retained counsel), Shreveport, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., Paul Lynch, D. H. Perkins, Jr., Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee.

Before BROWN, Chief Judge, GOD-BOLD, Circuit Judge, and MEHRTENS, District Judge.*

MEHRTENS, District Judge:

Patrick Hunt Malone appeals from a judgment of conviction for possession of an unregistered firearm, 26 U.S.C. §' 5861(d) and § 5871, and for possession of a firearm not identified by a serial number as required by 26 U.S.C. § 482.

Malone's automobile was searched incident to an arrest for the unauthorized use of a credit card. In his vehicle were found one pressure release spring-top box containing a military MK2 fragmentation hand grenade hull inserted rigidly to the inside of the box, miscellaneous electrical wires inserted into the top of the hand grenade body, one micro-switch, one electrical solenoid switch, one transistor battery, one small low voltage electrical bulb, glue, tape, small aluminum metals, nails, waterproofing spray, and one container of Play-Doh modeling compound.

Count I of the indictment charged him with knowingly and unlawfully possessing a firearm as defined by § 5845(f)(3), Title 26, United States Code, to-wit, a destructive device, and more particularly described as a combination of parts designed and intended to use in converting a device into a destructive device and from which a destructive device may be readily assembled, specifying in detail the items listed above, which "firearm" was not registered to him, in violation of §§ 5861(d) and 5871, Title 26, United States Code. Count II was identical, except that it charged that the "firearm" was not identified by a serial number as required by § 5842, Title 26, United States Code.

Title 26, United States Code, § 5845(a) gives eight definitions of "firearm." 26 U.S.C. § 5845(f) defines "firearm" or "destructive device" as:

(1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade . . . or, (F) similar device;

(2) * * * (not relevant).
    and

(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; . . . .

The defendant moved to dismiss the indictment, asserting that even if everything alleged in the indictment were proven true, he would not be in violation of the statute. The motion was denied.

As to the second count, he asserts that since there was no explosive charge among the parts found, he could not have registered the objects specified in the indictment as a destructive device.

■ At the trial the government's witnesses testified that the materials named in the indictment could be assembled into a destructive device provided a "filler" or explosive material was obtained and added; that although the grenade was a mere hull with the primer punched out, the materials could be readily assembled to function by explosion by the addition of powder or other explosive material. At no time did the defendant have in his possession any type of explosive material, nor, in fact, did the indictment charge possession of any explosive.

The government contends that inasmuch as the only use of the materials found in defendant's car could be in violent and criminal activity of an anti-personnel nature, they had no legitimate or innocent use, and that the defendant was in violation of the statute because the device could be readily assembled to function by explosion by the addition of explosive material which could be easily obtained. As a result therefore, it was unnecessary to prove that the defendant had explosive material in his possession, citing *United States v. Morningstar,* 456 F.2d 278 (4th Cir. 1972); *Ballew v. United States,* 389 F.Supp. 47 (D.Md.1975);

* Senior District Judge for the Southern District of Florida, sitting by designation.

United States v. Cruz, 492 F.2d 217 (2nd Cir. 1973); United States v. Peterson, 475 F.2d 806 (9th Cir. 1973); United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970); United States v. Oba, 448 F.2d 892 (9th Cir. 1971); Langel v. United States, 451 F.2d 957 (8th Cir. 1971); Robbins v. United States, 476 F.2d 26 (10th Cir. 1973; and United States v. Evans, 526 F.2d 701 (5th Cir. 1976).

The government, in support of its position, also attempts to analogize cases dealing with a combination of parts from which a destructive device may be readily assembled into a machine gun.

The indictment did not allege, and the evidence at the trial did not prove, that Malone was in possession of any explosive charge or detonation device. The words of the statute are "from which a destructive device may be readily assembled", and not, as the government contends, "from which a destructive device may be readily assembled with addition of other parts."

Although we agree with the government's contention that the device possessed by Malone had no legitimate or innocent use by a private citizen, we conclude that, from a proper interpretation of the statute, the defendant cannot be guilty of the offenses charged because he did not have in his possession all of the component parts from which a destructive device might be readily assembled. See United States v. Posnjak, 457 F.2d 1110 (2nd Cir. 1972).

We make no attempt here to define what may or may not constitute a "destructive device" or its components within the language of the statute. What we do hold is that the complete absence of explosive material would prevent the component parts in the defendant's possession from being a destructive device. Our decision is limited solely to the facts of this case.

In another case it was held that hand grenade fuse assemblies were not "destructive devices." United States v. One 1972 Chevrolet El Camino Pickup Truck, Identification Number 80W2k516391, 369 F.Supp. 755 (D.C.Neb.1973). The court stressed that they were designed for training purposes instead of weapons, and that the fuse assemblies could not cause fragmentation of the grenade hull. There was no evidence that the fuse assemblies had been redesigned for use as weapons. Similarly, in the case sub judice, the assembly of the component parts could not constitute a weapon or destructive device (i. e. explosive, bomb, grenade or similar device) without the addition of explosive material.

■ As to the second count, Malone could not have complied with the law in registering the parts in his possession as a destructive device because of the lack of explosive material. In fact, the government's expert testified at trial that never in his experience or to his personal knowledge had the Alcohol, Tobacco and Firearms Bureau ever registered a group of components, such as were in defendant's possession, as a destructive device or firearm.

In all of the cases cited by the government to support its contention that Malone was guilty of possessing a destructive device, all of the elements necessary to construct a destructive device were present. The government has not cited a single case of a conviction for possession of a destructive device where the defendant did not possess any explosive material.

The cases cited by the government with respect to the burden of proof required in cases concerning machine guns or shotguns are cases arising under a statute much broader in its application. Those cases are in no way similar or analogous.

The government failed to allege or to prove an essential element, namely, that Malone had in his constructive or physical possession explosive material. The motion to dismiss the indictment should have been granted and the defendant's conviction should be and is reversed.

The defendant also raises a number of questions relating to the constitutionality of the statute, the introduction into evidence of a color movie film showing the preparing and exploding of bombs, and the action of the court in simultaneously trying him on

these charges and also on a charge of fraudulently using a credit card in interstate commerce. In view of our disposition of the case, it is unnecessary to pass upon these questions.

REVERSED with directions to dismiss the indictment.