UNITED STATES of America, Plaintiff,

v.

**Peggy McDANIEL, Defendant.**

No. CR–77–00052–D.

United States District Court,
W. D. Oklahoma.

April 19, 1977.

David L. Russell, U.S. Atty. by Duane H. Miller, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

C. Kent Eldridge, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

On March 15, 1977 Defendant Peggy McDaniel entered a plea of guilty to the offense of distributing approximately 1/10 gram of heroin in violation of 21 U.S.C. § 841(a)(1). She has filed herein a Motion in Arrest of Judgment on the ground that this Court lacked jurisdiction of the Defendant and the subject matter involved in the instant case. Defendant contends that the crime alleged against Defendant is a State crime, involving a local defendant, a local police officer and a purely local situation; that this Court lacks jurisdiction to intervene in a purely local matter and that such federal intervention circumvents Defendant's right under the Oklahoma Constitution to a speedy and public trial by an impartial jury of the county in which the crime was alleged to have been committed and that the Court's intervention in this matter circumvented the right of the citizens of Cleveland County, Oklahoma to sit as jurors in a purely local case; and that the act under which Defendant is charged, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq., cannot be applied to activities that are not connected with interstate commerce. In this regard, Defendant asserts that the Federal Court's intervention in this case raises significant questions of interference with the Ninth and Tenth Amendments to the United States Constitution and to the due process rights of the Defendant.

A Motion in Arrest of Judgment is made pursuant to Rule 34, Federal Rules of Criminal Procedure. Said Rule provides in part:

"The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged."

Such a Motion must be based upon a failure of the Indictment to charge an offense or upon a finding that the Court is without jurisdiction of the offense. *United States v. Whitted*, 454 F.2d 642 (Eighth Cir. 1972).

An examination of the Indictment in the instant case discloses that it charges an offense following the language of the statute involved and contains sufficient allegations to fairly notify the Defendant of the charge against her. In view of this, the Indictment conforms to Rule 7(c), Federal Rules of Criminal Procedure. *Robbins v. United States*, 476 F.2d 26 (Tenth Cir. 1973). As the Indictment charges Defendant with violating the laws of the United States within this District, this Court has jurisdiction of the offense charged. 18 U.S.C. § 3231. Where the Indictment clearly charges an offense of which this Court has jurisdiction, Defendant's Motion in Arrest of Judgment must be denied. *United States v. Schneiderman*, 106 F.Supp. 906 (S.D.Cal.1952). Accordingly, the instant Motion should be overruled.