UNITED STATES of America, Plaintiff-Appellee,

v.

Wren WORLEY, Defendant-Appellant.

No. 84–1112.

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1984.

Gene Stipe of Stipe, Gossett, Stipe, Harper, Estes, McCune and Parks, McAlester, Okl. (Anthony M. Laizure, McAlester, Okl., with him on the brief), for defendant-appellant.

Don F. Baker, Asst. U.S. Atty., Muskogee, Okl., (Gary L. Richardson, U.S. Atty., Muskogee, Okl., with him on the brief), for plaintiff-appellee.

Before SETH and DOYLE, Circuit Judges, and BOHANON, District Judge *.

SETH, Circuit Judge.

Mr. Worley's appeal is from a conviction for acts performed while a Commissioner of Adair County, Oklahoma. The indictment alleged eight counts of mail fraud (18 U.S.C. § 1341 and § 1342), one count of extortion (18 U.S.C. § 1951), and one count of conspiracy (18 U.S.C. § 371).

Henry Peak and Marshall Greenman testified at trial that they did business with Mr. Worley while he was a Commissioner in making sales of materials and equipment to the County and paid him kickbacks or splits on certain transactions. Items purchased from Mr. Peak included pipe, blades and other road maintenance materials. Mr. Greenman sold road graders to Adair County through Commissioner Worley. The County used lease-purchase agreements to purchase the graders under arrangements made by defendant Worley and Mr. Greenman. Vendors Peak and Greenman testified that they paid kickbacks directly to defendant. The County paid for the purchased equipment by sending warrants to the vendors by mail.

Defendant presents several issues on appeal. Many of these questions have come

* Honorable Luther L. Bohanon, United States Senior District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

before this court in other Oklahoma County Commissioner cases. Thus these decisions control some issues here. Defendant contends that: (1) Counts Six and Nine of the indictment fail to allege essential elements of mail fraud; (2) County warrants mailed to vendors were not part of a scheme to defraud; defendant specifically maintains that warrants sent after he left office under lease-purchase agreements were outside any scheme to defraud; (3) the trial court failed to adequately voir dire the jury; (4) there was insufficient evidence of acts affecting interstate commerce under the Hobbs Act; and (5) the indictment claimed Mr. Worley was involved in a single conspiracy but the government proved multiple conspiracies.

The defendant's assertion that the indictment was insufficient is directed to the description therein of the nature of the scheme. The language of Count Five on this point is as follows:

> "5. As a part of the scheme to defraud the citizens of Adair County, WREN WORLEY, in his official capacity as County Commissioner of Adair County, would enter into lease-purchase agreements for road building and maintenance equipment with Eastern Equipment Company ... thereby *avoiding* Adair County and the State of Oklahoma's laws and regulations pertaining to the taking of bids." (Emphasis added.)

Defendant reads this language to charge the crime to be that of entering a lease-purchase agreement without providing for competitive bidding. He stresses that there is no requirement that bids be accepted for heavy equipment sold by lease-purchase agreements under Oklahoma law. The United States argues that the counts accuse Worley of deliberately choosing the lease-purchase device as part of the general scheme in order to avoid competitive bidding. It must be noted that the opening words of the paragraph as to lease-purchase transactions are "[a]s a part of the scheme to defraud." Thus the paragraph was a description of a segment of the scheme involving kickbacks.

An analysis of the language of indictments requires a practical and commonsense approach. *United States v. Moore,* 556 F.2d 479 (10th Cir.); *Robbins v. United States,* 476 F.2d 26 (10th Cir.). An indictment is sufficient if it provides the defendant with adequate notice of charges and an opportunity to prepare his defense. *Smith v. United States,* 273 F.2d 462 (10th Cir.). Counts Six and Nine notified the defendant that avoidance of competitive bidding in order to derive secret profits was part of the scheme to defraud. The indictment described the scheme in a way to allow defendant to mount a defense.

Defendant argues that the mailing of County warrants was not part of a scheme to defraud. He urges us to ignore our interpretation of *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277, as discussed in *United States v. Primrose,* 718 F.2d 1484 (10th Cir.). We refuse to do so. The mailing of the payments for County purchases was part of the scheme under the proof. The vendors had to be included in the plan. *See United States v. Haskins,* 737 F.2d 844 (10th Cir.); *United States v. Shelton,* 736 F.2d 1397 (10th Cir.); *United States v. Gann,* 718 F.2d 1502 (10th Cir.).

Defendant argues that warrants mailed by the County after he left office could not be used as proof of mail fraud. The proof shows that defendant entered lease-purchase agreements on behalf of the County and it mailed the monthly rental payments for road graders according to this agreement. Individual purchase orders signed monthly by a new County Commissioner authorized some of the monthly checks. The agreements were extended for a year by resolution of Adair County Commissioners including defendant.

In *Marvin v. United States,* 279 F.2d 451 (10th Cir.), we established that to commit mail fraud a defendant must "set forces in motion which ... would involve mail uses." The only causation required by the mail fraud statute is whether the defendant could reasonably foresee the occurrence of mailings. *United States v. Galloway,* 664 F.2d 161 (7th Cir.). We

applied the causation analysis suggested by *Galloway* in *United States v. Primrose,* 718 F.2d 1484 (10th Cir.), and concluded that a vendor's receipt of payment from the County was part of a scheme to defraud regardless if it occurred before or after payment of a kickback. The arguments made by the defendants Primrose and Worley are essentially the same. Defendant Worley here claims a payment made after his tenure as a County Commissioner was not a mailing he could reasonably foresee because the leasing agreement was subject to termination at any time by the lessor. However, the payments were not terminated and all was set in motion as part of the scheme and by defendant's acts.

We have examined the record on the voir dire examination of the jurors and find that it was completely in conformance with the standards prevailing in the circuit relating to pretrial publicity and as to other points.

Defendant challenges the sufficiency of the evidence as to the Hobbs Act charge (18 U.S.C. § 1951(a)). A witness testified that he purchased the grader blades and plow bolts sold to the County outside the State of Oklahoma. He stated that at least 50% of the items he sold came from out-of-state sources. The Hobbs Act requires only a showing of a limited effect on interstate commerce. *United States v. Boston,* 718 F.2d 1511 (10th Cir.). We recently held in *United States v. Whitt,* 718 F.2d 1494 (10th Cir.), and *United States v. Haskins,* 737 F.2d 844 (10th Cir.), that "evidence that the county regularly purchased goods that had moved in interstate commerce was sufficient to establish the interstate nexus." The witnesses presented such evidence and it was sufficient.

Defendant argues that Count Ten of the indictment charges a single conspiracy while at trial the government proved multiple conspiracies. The scope of the conspiracy embraced the defendant's desire to realize secret profits from kickbacks obtained from equipment and supply vendors. The plan must necessarily include doing business with knowing vendors who were willing to pay these kickbacks in order to procure County business. Defendant here supports his multiple conspiracy argument by pointing out that neither witness knew the other before trial. Whether they knew each other is immaterial. It is vital that they both knew that the kickback system was designed to produce financial benefit for themselves and the Commissioner. The Court in *Blumenthal v. United States,* 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 identified this distinction:

> "Hence the law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connections with it, without requiring evidence of knowledge of all its details or of the participation of others."

The evidence is sufficient to establish a single conspiracy as charged by Count Ten of the government's indictment.

We have examined other points raised by defendant and find them to be without merit.

AFFIRMED.