983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Earl JEWEL, Defendant-Appellant.
 No. 92-3649.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 Before MERRITT, Chief Judge and RALPH B. GUY, JR. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Earl Jewel pleaded guilty to one count of aiding and abetting the possession with the intent to distribute cocaine within 1,000 feet of school property, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in the Northern District of Ohio. Jewel did not take an appeal from this judgment and commitment order; he, instead, waited approximately six months and then filed a document denominated as Fed.R.Civ.P. 60(b) motion for relief from judgment. In this document, Jewel makes the summary assertion that the charging instrument (information) did not include a recitation of subject matter jurisdiction or territorial jurisdiction. Jewel's accompanying memorandum of law appears to be a preprinted brief citing several cases in which jurisdictional issues were resolved. There is no fact-specific language in this memorandum defining Jewel's particular claim. The tenor of the memorandum, however, is that criminal jurisdiction does not exist absent proof of state-ceded jurisdication or United States ownership of the crime situs. The district court denied the motion, and this appeal followed. The parties have briefed the issues, and Jewel is proceeding without counsel.
 
 
 3
 Upon consideration, we find no merit to the appeal. Whatever construction one may give to the motion, it is manifestly a challenge to the subject matter jurisdiction of the sentencing court. The record reflects that the underlying information charges Jewel with an offense against the United States in language that tracks the wording of the statute involved. The information contains factual allegations sufficient to put an individual on notice of the actual nature of the crime and that it occurred in the Northern District of Ohio. The court clearly had subject matter jurisdiction of the offense in question. 18 U.S.C. § 3231; United States v. McDaniel, 75 F.R.D. 454, 455 (W.D.Okla.1977). In addition, any jurisdictional attack Jewel may attempt to advance based on venue is meritless. United States v. Votteller, 544 F.2d 1355, 1361 (6th Cir.1976) (and cases cited therein) (no necessity for allegation of venue in charging document).